# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 10-197V
Filed: February 25, 2014
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
HEATHER LOMELI, as the         \*
natural mother of A.I., deceased,     \*
and as the administrator and personal   \*
representative of the estate of A.I.,      \*        Decision on Interim Attorneys'
                                \*        Fees and Costs
              Petitioner,      \*
                                \*
        v.                 \*
                                \*
SECRETARY OF HEALTH AND     \*
HUMAN SERVICES                \*
                                \*
             Respondent.     \*
                                \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS [1]

On April 1, 2010, Petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that a vaccine or vaccines listed on the Vaccine Injury Table had caused the injuries and death of A.I. See § 14. On February 21, 2014, the  parties filed a stipulation concerning interim attorney's fees and costs in

---

[1]  Because this unpublished decision contains a reasoned explanation for the action in this case, I  intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, "the entire" decision will be available to the public.  Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

this matter.  The parties' stipulation requests $544.60 for litigation costs incurred personally by Petitioner, and $116,024.59 for attorneys' fees and costs, constituting a total award of $116,569.19.  Respondent does not object to an award of this amount.  The parties' stipulation notes that the requested award for attorneys' fees and costs would cover only the litigation fees and costs incurred by Petitioner and her counsel through September 25, 2013.

I find that an award of interim attorneys' fees and costs is appropriate in this case. Interim attorneys' fees and costs are explicitly authorized by the binding precedent of the United States Court of Appeals for the Federal Circuit.  *Avera v. HHS*, 515 F.3d. 1343; *Shaw v. HHS*, 609 F.3d 1372, 1374 (Fed. Cir. 2010) ("the Vaccine Act permits [an] award of interim fees and costs"); *Cloer v. HHS*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012) ("Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."), *aff'd*, 133 S.Ct. 1886, 1896 (2013).  *See also* Vaccine Rule 13(b).

**The request for interim attorneys' fees and costs is hereby granted.**  Petitioner is awarded  reasonable interim attorneys' fees and costs pursuant to §§ 15(b) and (e)(1), as I find that the petition was brought in good faith and upon a reasonable basis, and the amount requested is reasonable and appropriate.  Accordingly, I hereby award the following attorneys' fees and costs pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1):

- a lump sum of $544.60, in the form of a check payable to Petitioner, representing Petitioner's own litigation expenses in this case;

- a lump sum of $116,024.59, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Robert J. Krakow, on account of services performed by counsel's law firm.

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).